# IN THE SUPREME COURT OF IOWA

No. 07–1246

Filed November 14, 2008

**STATE OF IOWA,**

    Appellee,

vs.

**KEVIN SCOTT REX,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.

Appellant challenges the sufficiency and weight of the evidence to sustain his conviction, claims the district court erred in admitting hearsay evidence, and alleges ineffective assistance of trial counsel. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Susan R. Stockdale, Colo, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, John P. Sarcone, County Attorney, and Justin G. Allen, Assistant County Attorney, for appellee.

**PER CURIAM.**

Kevin Rex was convicted of second-degree theft after a jury trial in which the State produced evidence Rex received money from a $7000 check he deposited at a Bank of America branch, knowing the check would not be paid when presented by the bank. Rex appealed and now seeks further review of an Iowa Court of Appeals decision affirming his conviction.

The court of appeals concluded the evidence was sufficient, and the defendant's conviction was not against the weight of the evidence. The court of appeals also rejected defendant's challenge to certain hearsay evidence admitted under the business records exception, Iowa Rule of Evidence 5.803(6), concluding prejudice was not established as the evidence was cumulative. Finally, the court of appeals preserved the defendant's ineffective-assistance-of-counsel claim for a possible postconviction proceeding.

A person commits theft when he "[m]akes, utters, draws, delivers, or gives any check . . . on any bank . . . and obtains property . . . in exchange for such instrument, if the person knows that such check . . . will not be paid when presented." Iowa Code § 714.1(6) (2005). The jury was instructed on the following elements of theft:

> 1. On or about the 15th day of June, 2006, the defendant did give to the Bank of America a check in the amount of $7000.
> 2. The defendant received money in exchange for the check.
> 3. The defendant knew the check would not be paid when presented by the Bank.

Upon further review, we agree with Rex a photocopy of the check with the word "counterfeit" written on it was hearsay and that the State failed to lay a proper foundation for admittance of this evidence under the business records exception to the hearsay rule. Specifically, the

State failed to satisfy its burden to establish the information contained on the check was "made either 'by a person with knowledge,' or by a reliable, nonhearsay, computer-generated source." *State v. Reynolds*, ___ N.W.2d ___, ___ (Iowa 2008) (quoting Iowa R. Evid. 5.803(6)).

In addition, we further conclude that trial counsel was ineffective for failing to raise a hearsay objection to, among other things, the bank investigator's testimony regarding the contents of the writing on the check. This testimony supported the State's argument that Rex knew the check would not be honored. Because the remaining properly admitted evidence supporting Rex's knowledge that the check would not be paid when presented to the bank was not substantial, we conclude counsel's failure to object to the investigator's hearsay testimony was prejudicial. *See id.* at ____ (concluding defendant suffered prejudice as a consequence of trial counsel's failure to object to hearsay testimony that was essential to sufficiency-of-the-evidence claim).

Finally, we reject the defendant's challenge to the sufficiency of the evidence because the evidence introduced at trial supports a finding defendant knew the check would not be paid when presented. *See State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003) (holding that "[i]n determining whether retrial is permissible all the evidence admitted during the trial, including erroneously admitted evidence, must be considered" to determine whether sufficiency-of-the-evidence test met). Accordingly, we reverse the defendant's conviction and remand his case for a new trial.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except Baker, J., who takes no part.

This opinion shall not be published.